IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

VICKY L. LEE                                                    PLAINTIFF

vs.                          Civil No. 2:17-cv-02187

NANCY BERRYHILL                                                DEFENDANT
Acting Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Vicky L. Lee ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for

Disability Insurance Benefits ("DIB") under Title II of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K.

Holmes, III referred this case to this Court for the purpose of making a report and recommendation.

In accordance with that referral, and after reviewing the arguments in this case, this Court

recommends Plaintiff's case be **REVERSED AND REMANDED.**

1.    **Background:**

Plaintiff protectively filed her disability application on September 28, 2014.  (Tr. 28).

Plaintiff alleges being disabled due to bulging discs in lower back with protrusion (L4, L5, S1, and

S2), benign tumor between L4- L5, left shoulder rotator cuff injury, right hand injury (with fused

joint and limited use), anxiety, depression, asthma, trouble sleeping, right knee and hip problems,

bilateral plantar fasciitis, bilateral heel spurs, and neuropathy in both feet.  (Tr. 205).  This

application was denied initially and again upon reconsideration.  (Tr. 28).

1

Thereafter, Plaintiff requested an administrative hearing on her application, and this hearing request was granted. (Tr. 133-134). Plaintiff's administrative hearing was held on September 17, 2015. *Id.* At this hearing, Plaintiff was present and was represented by counsel, Davis Duty. *Id.* At this hearing, Plaintiff and Vocational Expert ("VE") John Massey testified. *Id.* Plaintiff testified she was fifty (50) years old. (Tr. 52). As for her education, Plaintiff testified she had graduated from high school and the Police Academy. *Id.*

On June 29, 2016, the ALJ entered an unfavorable decision denying Plaintiff's application for disability. (Tr. 28-39). In this decision, the ALJ found Plaintiff met the insured status of the Act through December 31, 2016. (Tr. 30, Finding 1). The ALJ also found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 24, 2011, her alleged onset date. (Tr. 30, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: asthma, right hand injury, hand pain, foot pain, and back disorder. (Tr. 30, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 33, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 34-37). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform a modified range of light work in that she could lift and carry 10 pounds frequently and 20 pounds occasionally; stand, walk, or sit for up to 6 hours in an 8-hour workday with normal breaks; push and pull with same limitations as lift and carry; occasionally stoop, crouch, handle, and finger; frequently operate foot controls bilaterally; and avoid even moderate exposure to fumes,

odors, dusts, gases, and poorly ventilated areas. *Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 37, Finding 6). The ALJ determined Plaintiff was not capable of performing her PRW. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 38, Finding 10). The ALJ based this determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of representative occupations such as information clerk with approximately 97,000 such jobs in the nation and 735 such jobs in Arkansas, customer complaint clerk with approximately 61,000 such jobs in the nation and 490 such jobs in Arkansas, and gate guard with approximately 134,400 such jobs in the nation and 700 such jobs in Arkansas. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Act, from August 24, 2011, through the date of the decision. (Tr. 39, Finding 11).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 304). On September 5, 2017, the Appeals Council denied Plaintiff's request for review of the ALJ's decision. (Tr. 1-7). On October 6, 2016, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 14-15. This case is now ready for decision.

## 2.   <u>**Applicable Law**</u>:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

4

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his

or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers

the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this

analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3.    **Discussion:**

In her appeal brief, Plaintiff raises two points for reversal: (1) the ALJ's RFC determination

is inconsistent with the record; and (2) the ALJ erred in the Step 5 Finding. ECF No. 14 at 3-10.

Because the Court finds the ALJ erred by finding Plaintiff's depression and anxiety were non-severe

impairments, the Court will only address Plaintiff's first argument for reversal.

A claimant suffers from a severe impairment if that impairment is more than slight and if that

impairment affects the claimant's ability to do his or her basic work activities. *See Householder v.

Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does

not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that

do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987)

(O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th

Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*). *See also Kirby v. Astrue,*

500 F.3d 705, 707-09 (8th Cir. 2007).

Furthermore, the standard for determining whether a claimant suffers from a severe

impairment is a low standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the

decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have

been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, the ALJ determined Plaintiff had the following severe impairments: asthma, right hand injury, hand pain, foot pain, and back disorder. (Tr. 30, Finding 3). In her application, however, Plaintiff alleged being disabled due bulging discs in lower back, benign tumor, left shoulder rotator cuff injury, right hand injury, anxiety, depression, asthma, trouble sleeping, right knee and hip problems, bilateral plantar fasciitis, bilateral heel spurs, and neuropathy in both feet. (Tr. 205). Notably, although Plaintiff alleged being disabled due to depression and anxiety, the ALJ did not find either of those impairments to be severe. (Tr. 30-33, Finding 3).

Plaintiff's medical records demonstrate she has been diagnosed with depression and anxiety and has been prescribed medication accordingly. (Tr. 309-310, 366, 456-460, 613, 622, 630). Even consulting psychologist Dr. Patricia J. Walz, Ph.D. diagnosed Plaintiff with depression to the extent that she has a Global Assessment of Function or "GAF" score of 50-55 which equates to "serious" to "moderate" symptoms in functioning. *See DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS IV-TR*, at 34 (2000).

Based upon these medical records, it appears her depression and anxiety meet the severe impairment standard. Because the ALJ did not find her depression and anxiety were severe impairments, this case must be reversed and remanded for further consideration of Plaintiff's mental impairments. *See Nicola,* 480 F.3d at 887 (finding the failure to assess an impairment as severe at Step Two of the Analysis was not "harmless error").

4.    **Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence in the record and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 10th day of January 2019.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE