IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

VICKY L. LEE                                                                                    PLAINTIFF

vs.                                         Civil No. 2:17-cv-02187

KILOLO KIJAKAZI
Acting Commissioner,
Social Security Administration                                                      DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending now before the Court is Plaintiff's Motion for Authorization of Fees Pursuant to 42 U.S.C. § 406(b). ECF No. 19. On November 15, 2021, Defendant responded to Plaintiff's Motion. ECF No. 20. Plaintiff has filed a Reply to the Response. ECF No. 21. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. This matter is now ripe for consideration.

**1.    Background:**

On October 6, 2017, Plaintiff appealed to the Court from the Commissioner of the Social Security Administration's ("SSA") denial of her request for disability benefits. ECF No. 1. On January 25, 2019, Plaintiff's case was reversed and remanded to the SSA for further administrative review. ECF No. 17-18.

After that remand, Plaintiff was awarded disability benefits. ECF No. 19. Plaintiff was awarded $88,270.50 as past-due benefits. *Id.* With the instant Motion Plaintiff's counsel claims he is entitled to 25% of the past-due award or $22,067.63 in attorney's fees. *Id.*

According to Plaintiff, on March 24, 2021, Plaintiff counsel erroneously received a $6000.00 fee, minus a service charge of $98.00. Plaintiff's counsel states the $6000.00 fee was

1

paid in error under his fee agreement with Plaintiff which provided for a fee of 25% of recovery in the event the case required representation beyond the initial ALJ hearing. ECF No. 21.

On June 29, 2021, counsel for Plaintiff filed a petition for an administrative fee requesting a fee equivalent to 25% of retroactive benefits. Since the requested fee exceeded $10,000.00 it was filed with the Regional Chief Administrative Law Judge ("RCALJ"). On October 19, 2021, the RCALJ approved an administrative fee of $19,500.00. A $13,500.00 fee was received by Plaintiff's counsel on November 8, 2021, which is the $19,500.00 fee awarded minus the $6000.00 which was previously paid to Plaintiff counsel by the Commissioner.

The request for $2,567.63 represents the remaining balance of the withheld benefits after the award of administrative fees.

2. **Applicable Law:**

Pursuant to 42 U.S.C. § 406(b)(1)(A), whenever a court renders a judgment favorable to a claimant, that court is permitted to determine and to allow as part of its judgment a reasonable fee for the representation of the claimant before the court. This fee must not be in excess of 25 percent of the total past-due DIB to which the claimant is entitled by reason of such judgment, and this fee may be taken out of the amount of the Plaintiff's past-due DIB. *See id.* However, a court is not authorized to award attorney's fees out of a claimant's past-due SSI. *See id.; Bowen v. Galbreath,* 485 U.S. 74, 78 (1988) (holding that a court is not authorized to award past-due SSI benefits as attorney's fees under Section 406(b)).

Furthermore, a court is not authorized to approve a fee for time spent in the representation of the Plaintiff at the agency level. *See* 42 U.S.C. § 406(b)(1). It is the Commissioner's responsibility to award the fees for any representation before an agency and such fees are not awarded by the courts. *See Pittman v. Sullivan,* 911 F.2d 42, 46 (8th Cir. 1990) (holding that "the

matter of attorney's fees for services performed at the administrative level is committed by § 406(b)(1) to the responsibility of the Secretary exclusively and such fees may not be awarded by the courts"). Instead, a plaintiff's attorney must petition the agency for these fees. *See* 42 U.S.C. § 406(a).

In determining the reasonableness of a requested fee, the Eighth Circuit previously determined that the "lodestar" approach should be applied. *See Cotter v. Bowen,* 879 F.2d 359, 363 (8th Cir. 1989), *abrogated by Gisbrecht v. Barnhart,* 535 U.S. 789 (2002). The lodstar approach for fee setting states that a reasonable fee is obtained by multiplying the number of hours reasonably worked on a case by a reasonable hourly rate. *Id.* The United States Supreme Court has, however, abrogated *Cotter* and held that the lodestar approach should not be used as the standard for calculating reasonable attorney's fees. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 793 (2002).

Instead, the United States Supreme Court held Section 406(b) instructs courts to use attorney-client contingency fee agreements to determine the fees to be awarded. *Id.* at 808. Courts should utilize these agreements in awarding fees because the court should not "override customary attorney-client contingent-fee agreements." *Id.* The court is, however, required to review the reasonableness of fees yielded by a contingency fee agreement when awarding fees under Section 406(b). *Id.* (holding that "§ 406(b) instructs courts to review for reasonableness fees yielded by those [contingency-fee] agreements").

**3.    Discussion:**

Based upon his itemized bill, Plaintiff's attorney spent 27.50 attorney hours of work representing Plaintiff before the district court.[1] ECF No. 19-5. Pursuant to the contingency fee

---

[1] Plaintiff's counsel also claims paralegal work in the amount of 28.50 hours. For purposes of this discussion the court will only consider the attorney work presented.

3

agreement, Plaintiff's attorney is entitled to 25% of past-due benefits. 19-4. Twenty-five percent of the past-due benefit of $88,270.50 would total $22,067.63.

The request for the remaining amount of attorney fees of $2,567.63 divided by the total number of hours requested of 27.50 for work performed before the district court equals an hourly rate of approximately $93.36. Based upon the experience of Plaintiff's attorney and the contingency fee agreement between Plaintiff and his attorney, this Court finds this is a reasonable hourly rate. *See Gisbrecht,* 535 U.S. at 793. The Court also notes the Defendant indicates the request for $2,567.63 in 406(b) fees appears reasonable and does not constitute an unreasonable windfall or excessive rate. ECF No. 20.

The Court notes Defendant objects to the Plaintiff's motion for fees pursuant to 42 U.S.C 406(b) stating the motion was filed out of time because it was submitted 229 days after the receipt of the awards statement dated March 24, 2021. ECF No. 20. Section 406(b) does not specify a time limitation to file a request for fees, and there is a split among the circuits with respect to the timeliness of a 406(b) fee application. The Eighth Circuit has not addressed the specific issue of the timeliness of a 406(b) fee motion.

As Plaintiff states, it is correct that the 406(b) petition was filed 229 days after receipt of the awards statement, but only two days after receipt of the administrative fee approved by the RCALJ. Based on Defendant's error in paying counsel the $6000.00 at the time the awards statement was issued and because Plaintiff's counsel had no way of anticipating the amount which the RCALJ would approve for an administrative fee, it was not possible for Plaintiff's counsel to calculate the amount which would be available under 42 U.S.C 406(b). Under these circumstances the undersigned believes the length of time in filing the motion for fees pursuant to 406(b) was reasonable.

**4.　　Conclusion:**

Pursuant to 42 U.S.C. § 406(b), this Court recommends the requested attorney's fees award in the amount of $2,567.63 be approved. This amount represents 27.50 court-related attorney work hours at an hourly rate of approximately $93.36.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 18th day of November 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE